Jeffrey A. KEELER, Relator,

v.

CONTROL DATA CORPORATION, self-insured, Respondent,

State Treasurer, Custodian of the Special Compensation Fund.

No. C9-84-541.

Supreme Court of Minnesota.

Dec. 21, 1984.

Keith J. Broady, Minneapolis, for relator.

Paula D. Osborn, St. Paul, for Control Data Corp.

Harold Schultz, Sp. Asst. Atty. Gen., St. Paul, for State Treasurer.

SIMONETT, Justice.

When double vision results from the interaction between the employee's injured eye and his other uninjured eye, is the employee to be paid permanent partial disability benefits under the workers' compensation schedule for an injury to one eye or for injury to both eyes? The Workers' Compensation Court of Appeals (WCCA), affirming the compensation judge, held that the employee is to be paid for injury to only one eye. We affirm.

Since early childhood, employee-relator Jeffrey A. Nelson has had mild cerebral palsy. On January 31, 1980, while at work for respondent Control Data Corporation, he fell backwards to the floor when the chair on which he was sitting gave way in some fashion. The accident resulted in extensive disabilities, apparently in part caused by activation of the employee's preexisting, largely dormant, cerebral palsy condition. The employee has been awarded permanent partial disability benefits for the brain, both legs and the spine, and these awards are not contested here. In addition, Keeler was awarded 30% permanent partial disability of the right eye. He claims, however, that he should receive benefits for injury to both eyes.

The medical evidence shows that Keeler injured the sixth cranial nerve which caused a partial paralysis of the right, lateral rectus muscle. This muscle controls movement of the right eye. Because of this muscle paralysis, the ocular motility of the right eye has been impaired. The left eye apparently overcompensates for this impairment, with the result that the employee has double vision 40% of the time. The visual acuity of neither the right nor the left eye has been affected. There was no injury to the left eye itself, nor the muscles or nerves serving it. Dr. Frederic Wippermann testified that the employee had 30% permanent partial disability to the right eye and 30% disability to the "visual system," *i.e.*, to the functioning of both eyes acting together. Dr. Martin Kaplan, another ophthalmologist, assigned 40% permanent partial disability to the visual system but gave no opinion for right eye disability alone.

Minn.Stat. § 176.101, subd. 3 (1982), repealed by 1983 Minn.Laws c. 290 § 173, sets out the schedule of benefits for permanent partial disability. Paragraph 21 prescribes payment of a percentage of the daily wage during 160 weeks "[f]or the loss of an eye." The compensation judge's award was made under this paragraph. The employee, however, claims that his award should be under paragraph 46, which reads in relevant part:

> In cases of partial disability *due to injury to both eyes* resulting in less than total loss of vision in one or both eyes compensation shall be paid at the prescribed rate during that part of 450 weeks which the extent of *the combined injury to both eyes* bears to the complete loss of industrial vision.

Minn.Stat. § 176.101, subd. 3(46) (1982) (emphasis added).

The employee argues it should not be necessary under paragraph 46 to have a specific injury to both eyes. He says it should be enough that there is specific injury to the one eye which affects the visual efficiency of both eyes. He argues that paragraph 46 is intended to apply when there has been a loss of industrial vision due to a functional impairment in the interaction between the injured and the uninjured eye.

The question here is one of legislative intent as expressed in the statutory language. The compensation judge and the WCCA read paragraph 46 to require that

there must be an injury to both eyes for that paragraph to apply. We agree. Paragraph 46 plainly refers to partial disability "due to injury to both eyes," and then again refers to "combined injury to both eyes." The report of the Interim Commission on Workers' Compensation for 1951, p. 67, commenting on the need for the present paragraph 46, speaks of the effect of one eye injury "accompanied by injury to the other eye." In view of this disposition of the appeal, we need not reach the other issue raised by the employee-relator.

Affirmed.